ORIGINAL

FILED
U.S. DISTRICT COURT
2009 SEP 21 PM 3:21
CLERK L. Zebulon
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| WARREN SKILLERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-030 |
| ) | |
| CAPTAIN BURNETTE, Warden at Telfair ) | |
| State Prison, and DR. CHENEY, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned *pro se* case pursuant to 42 U.S.C. § 1983. On July 9, 2009, the Court reviewed Plaintiff's complaint in conformity with the in forma pauperis ("IFP") statute. See 28 U.S.C. §§ 1915(e) & 1915A. Because of pleading deficiencies in Plaintiff's complaint, the Court ordered him to re-file his complaint. (Doc. no. 5).

More specifically, the Court noted that Plaintiff's "complaint" consisted of a letter addressed to the Clerk of Court in the Northern District of Georgia wherein he requested that the Clerk consider his letter as a 42 U.S.C. § 1983 action against Defendants the Georgia Department of Corrections Commissioner, Warden Burnette, and Dr. Cheney. (Id.). The Court also noted that Plaintiff had not paid a filing fee or submitted a motion to proceed IFP. (Id.). Plaintiff was given twenty (20) days to comply with the Court's July 9, 2009 Order, and he was warned that, if he wanted to proceed with his case, he must submit a filing fee

or a motion to proceed IFP as well as re-file his complaint on the standard form used in the Southern District of Georgia. (See id.).

Rather than re-file his complaint pursuant to the Court's Order, Plaintiff submitted a "Response to July '09 'Order'" ("Response") (doc. no. 7), and a letter to the undersigned that was docketed as a "Supplemental Response to Order" ("Supplemental Response") (doc. no. 8). The Court noted that these documents did not comply with the Court's July 9, 2009 Order. (Doc. no. 9, pp. 3-4). The Court further noted that not only did Plaintiff disregard the Court's Order directing him to re-file his complaint, but, Plaintiff's Response and/or Supplemental Response to the Court's July 9th Order, in no way complied with Fed. R. Civ. P. 8(a). (Id. at 4).

As such, on August 20, 2009, the Court afforded Plaintiff ten (10) additional days to re-file his complaint in accordance with the Court's July 9, 2009 Order. (Id.). Plaintiff was warned that, if he failed to comply with the Court's July 9, 2009 Order after this ten-day extension, the Court would recommend dismissal of his case for want of prosecution. (Id. at 5).

Rather than re-file his complaint in accordance with the Court's July 9, 2009 Order, Plaintiff filed a "Provisional Motion to Nol Pros." (Doc. no. 10). In this document, Plaintiff states, among other things, that because he was transferred to Georgia State Prison, he "will nol pros this action provided the Court gets the facts straight." (Doc. no. 10, p. 1). Plaintiff's "Provisional Motion to Nol Pros" amounts to Plaintiff's attempt to get the Court to agree with Plaintiff that he – unlike all other incarcerated *pro se* litigants – should not be required comply with the Court's Local Rules. This the Court will not do.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(b) and (c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Orders, amounts not only to a failure to prosecute, but also amounts to willful contempt of the Court's Orders. This is precisely the type of conduct contemplated by the Local Rules. Furthermore, because Plaintiff is attempting to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP (doc. no. 6) be deemed **MOOT**,[3] that his "Provisional Motion to Nol Pros" (doc. no. 10) be **DENIED**, that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this __ day of September, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

[3] In light of the Court's recommendation to dismiss Plaintiff's case, his motion to proceed IFP is moot.

4